# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51582

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDON LEE RASMUSSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Adam H. Green, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for grand theft, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Brandon Lee Rasmussen entered an *Alford*[1] plea to grand theft. Idaho Code § 18-2407(1)(b)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Rasmussen to a unified term of seven years, with a minimum period of confinement of three years. Rasmussen appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Rasmussen's judgment of conviction and sentence are affirmed.